Havner 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-185-CV





MARILYN HAVNER,



 APPELLANT


vs.





LIONEL R. MENO, THE STATE COMMISSIONER OF EDUCATION,


IN HIS OFFICIAL CAPACITY, AND


WATER VALLEY INDEPENDENT SCHOOL DISTRICT,



 APPELLEES




 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT



NO. 92-00297, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING



 





 The State Commissioner of Education ("the Commissioner") dismissed Marilyn
Havner's appeal from a decision or action of the Water Valley Independent School District ("the
District") regarding its career-ladder policy. See Tex. Educ. Code Ann. § 11.13(c) (West 1991). 
Havner filed a suit for judicial review in the district court of Travis County, which affirmed the
Commissioner's dismissal. We will reverse the judgment of the district court.



FACTUAL AND PROCEDURAL BACKGROUND


 Marilyn Havner was employed as a teacher by the District. In 1989 the District
did not receive enough money from the state to fully fund its career-ladder program if the usual
statutory criteria were used for placing teachers on the career ladder. In response to this shortfall,
and using a procedure authorized by the Education Code, the District adopted stricter local criteria
for placing teachers on level three of the career ladder. See Tex. Educ. Code Ann. § 16.057(c)(2)
(West Supp. 1993). The District thereafter determined that, under the stricter criteria, no teacher
qualified for level three. As a result, several teachers, including Havner, were kept on level two
of the career ladder and paid the level-two salary supplement instead of being advanced to level
three. See Tex. Educ. Code Ann. § 16.057(a) (West Supp. 1993). After paying these benefits,
the District had career-ladder funds remaining on hand. The District returned these funds to the
Texas Education Agency.

 Havner met with the District's career-ladder committee and requested placement
on level three of the career ladder. The committee denied her request. Havner then asked the
committee to waive the stricter local criteria for level three and divide whatever money was
available among the teachers who qualified for advancement to level three under the statutory
criteria. If divided among those teachers eligible for level three under the statutory criteria, the
remaining money would have provided less than the standard level-three benefit, but still would
have been within the allowable range of benefits. See Tex. Educ. Code Ann. § 16.057(c)(1)
(West Supp. 1993). The committee agreed to present Havner's request to the board of trustees
of the District. Havner did not personally appear before the board to request a waiver of the
stricter criteria. Instead, the superintendent of the District, a member of the career-ladder
committee, presented the request. The board refused to waive the stricter criteria.

 The superintendent notified Havner of the board's decision. Havner appealed to
the Commissioner. See Tex. Educ. Code Ann. § 11.13(a) (West 1991). The Commissioner
dismissed Havner's appeal for lack of jurisdiction, basing his decision on a finding that Havner
did not have a hearing before the board. The Commissioner concluded that Havner did not appeal
the denial of her request for level three placement to the board. The Commissioner held that
"[b]ecause neither [Havner] or her representative presented [her] grievance in a hearing before
[the District's] board of trustees, [Havner] has failed to exhaust all available administrative
remedies and the Commissioner of Education is without jurisdiction." In Havner's suit for
judicial review, the district court affirmed the Commissioner's dismissal.



DISCUSSION


 The Education Code does not provide a standard by which a court is to review the
Commissioner's decisions. Hernandez v. Meno, 828 S.W.2d 491, 493 (Tex. App.--Austin 1992,
writ denied); see Tex. Educ. Code Ann. §11.13(c) (West 1991). The Administrative Procedure
Act provides that, when the scope of judicial review is undefined, the court



shall reverse or remand the case for further proceedings if substantial rights of the
appellant have been prejudiced because the administrative findings, inferences,
conclusions, or decisions are:


(A) in violation of a constitutional or statutory provision;


(B) in excess of the agency's statutory authority;


(C) made through unlawful procedure;


(D) affected by other error of law;


(E) not reasonably supported by substantial evidence considering the
reliable and probative evidence in the record as a whole; or


(F) arbitrary or capricious or characterized by abuse of discretion or
clearly unwarranted exercise of discretion.



Act of May 4, 1993, 73rd Leg., R.S., ch. 268, sec. 1, § 2001.174(2), 1993 Tex. Gen. Laws 583,
749 (to be codified at Tex. Gov't Code Ann. § 2001.174(2)). 

 We will address the Commissioner's jurisdiction over Havner's appeal, without
reaching the merits of that appeal. The right to appeal local career-ladder disputes is granted in
section 11.13(a) of the Texas Education Code. That section provides:



Except in cases of student disciplinary actions under Section 21.301 or 21.3011 of
this code, persons having any matter of dispute among them arising under the
school laws of Texas or any person aggrieved by the school laws of Texas or by
actions or decisions of any board of trustees or board of education may appeal in
writing to the commissioner of education, who, after due notice to the parties
interested, shall hold a hearing and render a decision without cost to the parties
involved, but nothing contained in this section shall deprive any party of any legal
remedy.



Tex. Educ. Code Ann. § 11.13(a) (emphasis added). Thus, section 11.13(a) allows "any person
aggrieved . . . by actions or decisions of any board of trustees" to appeal to the Commissioner. 
It does not require that the aggrieved person have participated in a hearing before the board, but
only that the board have made a "decision" or taken "action."

 Havner asserts that she is a person aggrieved by an action or decision of a board
of trustees. For this reason, she argues that the trial court erred in affirming the Commissioner's
refusal to hold a hearing and render a decision on the merits of her appeal. The District and the
Commissioner respond with three arguments in support of the trial court's decision. They argue
that (1) even if the board did make a decision regarding the stricter criteria, Havner's appeal
pertained to the board's decision not to place her on level three of the career ladder, a matter on
which the board made no decision; (2) the board's refusal to waive the stricter criteria in response
to the superintendent's question is not an action or decision which gives the right to appeal to the
Commissioner; and (3) in any event, a hearing before the board of trustees is a prerequisite to
review by the Commissioner.

 In her appeal to the Commissioner, Havner admitted she did not meet the stricter
criteria adopted by the board. Instead, she asserted that those criteria were not valid under the
present circumstances. She further alleged that she met the original statutory criteria for
placement on level three. She requested that the Commissioner hold the stricter criteria invalid
and, pursuant to the statutory criteria, place her on level three. In response, the District asserted
that Havner did not meet even the less stringent statutory criteria for placement on level three.

 Havner's appeal to the Commissioner was premised on her assertion that under the
present circumstances the stricter criteria were invalid. She appealed the board's refusal to waive
those criteria, not solely the board's refusal to place her on level three. While Havner must prove
that she meets the statutory guidelines in order to show she is aggrieved by the board's decision,
this proof should be made to the Commissioner. Otherwise, Havner would be forced to request
a hearing to challenge her placement when she admits that, under the stricter criteria, she is not
eligible to be placed on level three. She would also be forced to prove her eligibility under
guidelines that are not in effect.

 Havner meets the requirements for appeal to the Commissioner set out by section
11.13(a). She challenges the board's authority to implement the stricter local criteria for
placement on level three. Havner admits that she does not meet the stricter local criteria for level
three, but alleges that she meets the statutory criteria. The board refused to waive the stricter
local criteria, thereby arguably depriving Havner of the opportunity to be placed on level three. 
We conclude that the board's refusal was an "action" or "decision" within the meaning of section
11.13(a). Thus, if Havner was adversely affected by the refusal, she was a person aggrieved by
a decision or action of the board of trustees.

 Nonetheless, the Commissioner and the District assert that a rule adopted by the
Texas Education Agency requires that a local board of trustees must hold a hearing before a
career-ladder appeal can be taken to the Commissioner. 19 Tex. Admin. Code § 149.71(j)(2)
(1992). They argue that, after the board refused to waive its career-ladder policy, the rule
required Havner to request and participate in a hearing before the board on her complaint. We
disagree.

 It is well settled that an agency cannot adopt rules that are inconsistent with a
statute. Railroad Comm'n v. Lone Star Gas Co., 844 S.W.2d 679, 685 (Tex. 1992); Gerst v. Oak
Cliff Sav. & Loan Ass'n, 432 S.W.2d 702, 706 (Tex. 1968). Section 11.13(a) of the Education
Code provides for an appeal to the Commissioner when a person is aggrieved by an action or
decision of a board of trustees. The Commissioner may not, through his rules, narrow the
availability of that appeal. As stated above, the board made a "decision" or took "action" when
it refused to waive its career-ladder policy and announced that decision or action. At that point,
any person aggrieved by that decision or action, including Havner, had the right to appeal to the
Commissioner. Requiring that, as a prerequisite to such an appeal, an aggrieved party must
request and attend a hearing before the board would impermissibly narrow the availability of the
statutory right to appeal to the Commissioner.

 Even if the District had a procedural right to require a hearing on Havner's request,
the District waived that right. Waiver occurs when a party possessing a right "is aware of that
right and . . . expressly relinquishes it or . . . acts in a manner inconsistent with, or fails to act
in a manner consistent with, an intent to claim the right." Hernandez v. Meno, 828 S.W.2d at 494
(citations omitted). Without notifying Havner of the hearing requirement or scheduling the matter
for a hearing, the board refused to set aside the stricter criteria. The board did not decline to
make a decision on the ground that Havner had not presented the matter at a formal hearing before
it. Rather, the board proceeded to act, and the superintendent notified Havner of the board's
decision or action. This act by the board is inconsistent with an intent to claim any right to
require a hearing on Havner's request. Thus, once the board made its decision or took action,
it waived any right it may have had to require such a hearing. Havner's sole point of error is
sustained.



CONCLUSION


 We conclude the Commissioner acted in violation of section 11.13(a) of the
Education Code when he dismissed Havner's appeal. Accordingly, we reverse the judgment of
the district court and render judgment that the proceeding be remanded to the Commissioner of
Education for the purpose of holding a hearing on the merits of Havner's appeal from the board's
action or decision.



 J. Woodfin Jones, Justice

Before Justices Powers, Jones and Kidd

Reversed and Rendered

Filed: December 8, 1993

Publish